IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENNY DERRELL KING

    Petitioner                                              :

    v.                                                      :          Civil Action No. AW-09-2014

BOBBY SHEARIN, WARDEN, et al.,       :

    Respondents

**<u>MEMORANDUM</u>**

Pending is Benny Derrell King's Petition for Writ of Habeas Corpus. For the reasons stated below, the Court will, by separate Order, dismiss the Petition as time-barred.

I.    BACKGROUND

On October 10, 1995, a Baltimore City Circuit Court jury convicted King of first-degree murder and a handgun offense.[1] On January 16, 1996, King was sentenced to life in prison for the murder conviction and twenty years in prison for the handgun offense. Document 5, Exhibits 1, 3 and 11. King did not perfect direct appeal from his convictions and sentences, which became final in February of 1995.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for person convicted in a state court.[2] Where, as here, a conviction became final prior to April 24, 1996, a grace period of one

---

[1] During trial, King discharged counsel and proceeded pro se. Document 5, Exhibits 1, 3 and 11. The trial court later convicted King of two counts of contempt of court arising out of King's misconduct during trial proceedings and added two one-year consecutive sentences to those imposed in the underlying criminal case. *Id.*

[2] *See* 28 U.S.C. § 2244(d), which provides:

1

year applies. *See Brown v. Angelone,* 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996 and expires on April 24, 1997, for convictions which became final before April 24, 1996).

On August 12, 1996, King initiated post-conviction review in the Circuit Court for Baltimore City. Among the claims was that he should be permitted to file a belated direct appeal. Document 5, Exhibits 3, 8 and 11. The parties stipulated that the belated appeal claims would be litigated and resolved first, with King's additional claims to be litigated only if leave to file a belated appeal were denied by the post-conviction court. *Id.*, Exhibit 2 at 9. On June 25, 1999, the post-conviction court denied the belated appeal claim. *Id.*, Exhibit 3. King sought leave to appeal the adverse ruling. *Id.*, Exhibit 4. Leave to appeal was summarily denied by the

---

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Court of Special Appeals of Maryland on March 30, 2000.[3] *Id.*, Exhibit 5. The claims raised in the initial post-conviction petition, bifurcated from the issue concerning the right to a belated appeal, were left unresolved. King made no attempt to reopen the petition to address those claims.

Some five years later, on October 19, 2005, King filed another post-conviction petition which, as amended, raised a plethora of claims.[4] Under Maryland law, those seeking post-conviction relief after October 1, 1995, are limited to one petition per case. *See* Md. Code Ann., Art. 27, § 645A(a)(2)(i). While noting the one-petition rule, the circuit court treated the matter as a second post-conviction petition and granted a hearing. Relief was denied in an opinion dated October 1, 2007. Document 5, Exhibit 11. King, through counsel, sought leave to appeal, arguing in part that the post-conviction court erred in construing the matter as a second post-conviction petition (and dismissing certain claims as waived because they should have been resolved in the original post-conviction case). *Id.*, Exhibit 12 at 11-13. Maryland's intermediate appellate court summarily denied leave to appeal on March 6, 2009. *Id.*, Exhibit 13. The instant habeas corpus petition, dated July 14, 2009, was received for filing on July 31, 2009.[5]

Given the lapse of time between the conclusion of King's first and second post-conviction actions, the instant matter was filed well outside the one-year limitations period imposed pursuant to 28 U.S.C. § 2244(d)(1) and (2). The one-year limitations period may, however, be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000). In order to be entitled to equitable tolling, King must establish that either some

---

[3] The mandate issued May 2, 2000. *Id.*

[4] It is unclear from the record whether the claims raised in the October 19, 2005, petition as amended included some or all of the claims left unresolved from the previously-filed case.

[5] Under the prison "mail box" rule, the Petition is deemed filed on July 14, 2009. *See United States v. Dorsey*, 988 F.Supp. 917. 919-20 (D. Md. 1998).

wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339 F. 3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2006). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

King has provided no grounds by which the Court can consider the applicability of equitable tolling. Having found no basis for a tolling of the one-year limitation period in this case, the Petition for Writ of Habeas Corpus will, by separate Order, be dismissed as time-barred.

Dated this 22nd day of December, 2009

_____/s/_____
Alexander Williams, Jr.
United States District Judge